## WEAVER *vs.* NIXON & WESTER.

1. An exception to the charge as a whole cannot be considered, unless the whole charge is error.
2. A bill, acceptance or promissory note, either of the debtor or of a third person, is no payment or extinguishment of the original demand, unless it is expressly agreed to receive it as payment. Therefore, where a debtor caused a bank, as his agent, to transmit to his creditors a draft of such bank on a New York bank, which was

without delay forwarded to New York for collection, but was protested, and the drawing bank failed, such draft did not extinguish the original debt, although on its receipt the creditors forwarded to to the debtor the account marked, "pd April 8, 1881," and signed by them.

JACKSON, C. J., concurred specially.

November 21, 1882.

·Practice in Supreme Court. Contracts. Debtor and Creditor. Before Judge STEWART. Upson Superior Court. July Term, 1882.

Reported in the decision.

J. A. COTTON, for plaintiff in error.

A. A. MURPHY; ALLEN & TISINGER, for defendants.

SPEER, Justice.

Nixon & Wester brought their suit on a balance claimed to be due by Weaver, on an account for merchandise.

Plea of payment was made. Under the evidence and charge of the court, the jury found for plaintiffs the amount claimed. Defendant made a motion for new trial, which was overruled, and defendant excepted.

1. The ground in the motion excepting to the charge of the court as a whole, cannot be considered, unless the whole charge is error. 57 *Ga.*, 50, 87, 450; 60 *Ib.*, 78, 82, 107; 61 *Ib.*, 253.

2. Was the verdict contrary to law or contrary to evidence? The evidence disclosed the following facts: That the defendant was indebted to the plaintiffs below a balance due of $470.77, for goods furnished. The plaintiffs were residents of Chattanooga, Tennessee; for the purpose of settling said balance, the defendant, who lived at Thomaston, Georgia, through the Citizen's Bank of Atlanta, transmitted to plaintiffs a bill of exchange drawn by said Citizens' Bank on the Mercantile National Bank of New

York, in favor of plaintiffs, for the amount of said balance due, said bill being drawn on the 7th of April, 1881; that on the 8th day of April, 1881, the same was received at Chattanooga, and the same day it was forwarded to New York for collection, and was presented for payment on the 12th of April, 1881, and protested for non payment. On the reception of the bill by the plaintiffs at Chattanooga, on the 8th of April, 1881, they forwarded the account to the defendant, marked "pd. April 8th, 1881," and signed by plaintiffs. The Citizens' Bank failed on the 12th of April, the day the bill was dishonored when presented in New York.

The question presented under these facts is, whether the receiving of the bill by the plaintiffs, and transmitting the account to the defendant, marking the same paid, and signing the same was a payment of said account under the law.

We understand the rule to be well settled that a bill, acceptance or promissory note, either of the debtor, or of a third person, is no payment or extinguishment of the original demand, unless it is expressly agreed to receive it as payment. 9 *Ga.*, 240, and authorities there cited. In looking carefully through this record, we find no evidence that these parties expressly agreed to receive this bill of exchange purchased by defendant of the Citizens' Bank of Atlanta, and forwarded by it to the plaintiffs, in payment of said debt. It is true, the defendant testified it was his intention, by transmitting said bill, to pay said account with it, but it no where appears that both parties so expressly agreed or understood it to be a payment and discharge of the debt.

The defendant selected the Citizens' Bank, so far as the record shows, without the knowledge or consent of the plaintiffs at the time, to make this payment for him, and as his agent the bank remitted its bill on New York for that purpose, but when it was sought to collect the same, it was dishonored. If, by reason of the insolvency of the agent

v 69—45

defendant had selected to meet this account, a failure occurred, then the principal of such agent who thus fails must bear the consequences of such failure, in the absence of any express agreement to the contrary, provided due diligence is shown in presenting the bill for payment. One simple contract does not necessarily merge or extinguish another; the circumstance of the note or bill being given by an agent of the principal debtor cannot vary the question. If the written promise of the principal debtor, in the absence of an express agreement, does not discharge the original debt, *a fortiori* the note of the agent can have no higher efficacy.

In the absence of all proof, then, of an express agreement by the parties to the original contract that the bill of exchange drawn by the Citizens' Bank of Atlanta on the Mercantile National Bank of New York was delivered and received in payment or extinguishment of this debt sued upon, we are constrained to hold that the original debt was not extinguished, and that the verdict of the jury, both on the law and facts, was right.

Judgment affirmed.

JACKSON, Chief Justice, concurring.

The agreement of the parties to settle the original debt, may be gathered from circumstances, and the whole case turns on their intention to settle. The debtor in this case intended to settle; the creditors also intended to do so if they got their money by the draft on New York. But they did not get their money, and by no fault of theirs. They sent the draft on immediately; it was presented without delay, and dishonored. Therefore, their intention was baffled by the failure of the bank. They never intended to settle the debt except they got the money on the draft. If they had delayed to send it, or had been guilty of *laches*, they would have lost; as they were not, the loss is with the debtor.