SAVANNAH COTTON-PRESS ASSOCIATION *v.* MacINTYRE.

1. Under section 1593 of the code, cotton sold by a planter or commission merchant on cash sale does not become the property of the buyer until the same shall have been fully paid for, although it may have been delivered into the possession of the buyer. This being so, the seller may, until payment has been made, assert his ownership either against the buyer or an innocent purchaser obtaining the cotton from the latter for value.

2. Section 1955(a) of the code, with the amendments thereto, in relation to conditional sales of personalty, has no application to sales of cotton or other produce provided for by section 1593. The former section applies to credit sales, where the title is expressly reserved by contract between the parties; the latter applies to cash sales, in which the title is reserved to the seller by law.

3. The evidence showing that the sale of the cotton was for cash, and that the buyer had never paid for the same, the title remained in the plaintiff. The verdict was therefore fully warranted by the evidence; there was no error in any of the rulings or charges of the court complained of, and the denial of a new trial was right.

June 26, 1893.

Complaint in trover. Before Judge MACDONELL. City court of Savannah. November term, 1892.

On June 22, 1891, MacIntyre, a cotton factor and commission merchant, made a cash sale to Green of thirteen bales of cotton, under the rules of the Savannah Cotton Exchange, of which both the buyer and seller were members. The cotton was delivered, and, according to the usual course of dealing between cotton merchants in Savannah, demand for payment was made on the following day, but payment was not made. Green had in the meantime delivered the cotton to the defendant, whose business was that of compressing cotton, and procured its warehouse receipt therefor. With this receipt he obtained from the Ocean Steamship Company bills of lading for the cotton, drew a bill of exchange, and to secure its payment pledged the bills of lading and the cotton, and induced a bank to advance money on it. On the fifth day after the cotton was delivered, MacIntyre brought this suit, and the cotton was found in defendant's possession and seized. Two days afterwards Green executed and delivered to the bank a bill of sale for the cotton, because of the non-payment of the draft; and the bank accepted this bill of sale, as well as the pledge, in good faith and without notice of plaintiff's claim. The defendant contended that the bank, its bailor, acquired the title; but the jury, under the charge of the court, found for the plaintiff. Defendant's motion for a new trial was overruled.

ERWIN, DUBIGNON & CHISHOLM, for plaintiff in error.
DENMARK & ADAMS, *contra.*

LUMPKIN, Justice.

1–2. The questions controlling this case are ruled in the head-notes. The charge of our gifted and clear-headed young brother of the city court of Savannah so

fully and accurately states the law applicable, we adopt it as the opinion of this court.    It is as follows:

"Under the law of Georgia, when a planter or commission merchant sells cotton on cash sale, the title to the cotton remains in the seller until the same shall be fully paid for, although it may have been delivered into the possession of the buyer. This ownership may be asserted either against the purchaser or any one obtaining the cotton from him for value.    It is not necessary that the contract be in writing in order to bind the purchaser or a third party.    The act of 1881 [Code, §1955(a)] as to conditional sales, which requires them to be in writing and recorded, has no application to this case.    That act applies to cases where the title is reserved by contract by the agreement of the parties.    The object of requiring them to be recorded is, that third persons may be notified of the agreement of the parties that title is reserved.    The title is reserved by the law in this case. The law itself fixes the character of this sale, and the law is notice to all parties buying cotton, and puts them on guard to see that those from whom they buy have fully paid for it.    The law says that the title remains in the seller until it is fully paid for; that is to say, cotton sold by planters and commission merchants on cash sale shall not be considered as the property of the buyer, or the ownership given up, until the same shall be fully paid for, although it may have been delivered into the possession of the buyer.    That being the law, such sales do not have to be recorded."    *Flanders & Huguenin* v. *Maynard*, 58 *Ga.* 56.

Section 1593 of the code was amended by an act approved July 30, 1885, and by another approved October 13, 1885.    (Acts 1884–5, pp. 45, 52.)    These acts were passed about four years after the act of 1881, requiring conditional sales of personal property to be evidenced in writing, etc., which plaintiffs in error contended was

applicable to this case.   The two acts of 1885 simply added certain naval stores to the articles concerning the sale of which protection was afforded to planters and commission merchants by section 1593 of the code, and provided that where property covered by the terms of the act had been sold and delivered into the possession of the buyer, the right of the seller to collect the purchase money should not be affected by its subsequent loss or destruction.   The effect of this legislation was to continue in full force the provisions of section 1593, with the additions mentioned, and no qualification was added requiring contracts for the sale of the products covered by that section to be reduced to writing or recorded.   That is to say, it was still the legislative will and intent, on October 13th, 1885, the date of the last act, that when cotton, corn, rice, etc., were sold for cash, the title should remain in the seller until payment therefor had been fully made, notwithstanding delivery to the buyer, and although the contract of sale was neither put in writing nor recorded.

3. Under the evidence in this case, the cotton was sold according to the rules of the Savannah Cotton Exchange, from which the following extracts are pertinent:

"Cotton shall be sold for cash on delivery, and shall be taken away within five days from date of sale," etc. "Cotton being a cash article at this port, and the title remaining in the seller under our State laws until it is paid for, the buyer shall be considered as acting as a trustee in charge of the cotton for account of the seller from the time the seller allows him to take charge of it for the purpose of removal, or otherwise, until he shall have paid for it; and it shall be his duty to cover the cotton, wherever it may be, with fire insurance," etc., and "the seller shall be considered as having an equitable lien on such insurance to reimburse him in case of loss or damage by fire to the cotton before it is fully paid for."

It is plain, therefore, that both under the law and the

evidence, the verdict in favor of the plaintiffs was manifestly right. Indeed, no other verdict could have been properly rendered, and consequently, the court below committed no error in refusing a new trial.

*Judgment affirmed.*