## 6872.  HOWARD v. THE STATE.

The admission of testimony of a physician as to the demoralizing effects
of cocaine does not require the grant of a new trial to one convicted
of the unlawful sale of cocaine, where the sole objection interposed to
the introduction of the testimony was that it was "unnecessary," and
where counsel for the accused afterwards drew from other witnesses
testimony to the same effect, to which no objection was made.

DECIDED MARCH 24, 1916.

Accusation of unlawful sale of cocaine; from city court of Richmond county—Judge W. F. Eve.  December 11, 1914.

*C. H. & R. S. Cohen,* for plaintiff in error.

*James C. C. Black Jr., solicitor,* contra.

RUSSELL, C. J.  In this case the bill of exceptions complains of the refusal of a new trial to one convicted of the unlawful sale of cocaine.  As to the general grounds of the motion for a new trial it is sufficient to say that the accusation was supported by direct evidence of several witnesses, whose testimony was not contradicted except by the statement of the accused.  The instructions of the court were not subject to the exceptions taken.  In the remaining ground of the motion for a new trial it is alleged that the court erred in allowing Dr. Littleton, a witness for the State, to testify to the demoralizing effects of cocaine, over objection of the defendant, when the witness was being examined by counsel for the prosecution.  The objection interposed to this testimony is stated as follows:  "My objection is that I think it unnecessary.  The law says it is a misdemeanor to give away or sell cocaine."  In reply to this ground, counsel for the State, in his brief in this court, called attention to the fact that counsel for the defendant cross-examined the witness on the same subject.  Where illegal testimony has been admitted, and timely exception to its admission has been taken before cross-examining the witness with respect to it, the exception is not waived by the cross-examination.  2 Enc. Law & Prac. 523; 38 Cyc. 1398-9; 9 Enc. Ev. 132, and cases cited.  In cases cited in which it was held that objection to testimony given on direct examination was waived by cross-examination of the witness in regard to the same matter, no objection to it was made before the cross-examination.  Certainly counsel who has objected to the introduction of testimony on direct examination should not be held to have waived his objection when he seeks, on cross-examination of the same witness, to minimize its effect or show its

falsity.   However, in this case, apparently for the purpose of discrediting other witnesses for the prosecution by showing the demoralizing effects of cocaine upon them, counsel for the accused, on cross-examination, drew from those witnesses testimony to the same effect as that delivered by Dr. Littleton, to which he had objected; and therefore he is not entitled to a new trial on the ground that testimony of that kind was admitted.   *Terry* v. *State,* 15 *Ga. App.* 108 (3) (82 S. E. 635); *Augusta Ry. & Elec. Co.* v. *Beagles,* 12 *Ga. App.* 854 (78 S. E. 949).   Moreover, while it may be true that, as stated in the objection of counsel for the accused, the testimony objected to was "unnecessary," the admission of the testimony over the sole objection that it was not necessary does not require a new trial.                                    *Judgment affirmed.*