## 8619.  TOLAR *v.* FUNDERBURKE.

A contract with a partnership forms no basis for a suit in favor of one of the partners individually· against the other contracting party.
        DECIDED DECEMBER 14, 1917.

Complaint; from city ·court of Bainbridge—Judge Spooner. March 20, 1917.

*A. E. Thornton,* for plaintiff in error.
*Hartsfield & Conger,* contra.

WADE, C. J.  T. C. Funderburke instituted suit· against Mrs. Tolar, to recover $365 principal, besides interest at 7 per cent., alleged to be due according to contract for the boring of two deep wells upon her lands.  The petition alleged distinctly that the de-

fendant was indebted to the plaintiff, and prayed for judgment; and it was verified by the affidavit of Funderburke, and process issued in his name as plaintiff. It is nowhere suggested that the plaintiff was a partnership doing business in the name and style of "T. C. Funderburke," but to the contrary the petition as brought clearly seeks to recover the amount sued for under an alleged contract between the defendant on the one hand and Funderburke in his individual behalf on the other. The defendant denied that she had ever contracted with Funderburke or was indebted to him in any amount; in addition to other defenses set up in her plea. The undisputed proof showed that the wells, for the boring of which a recovery was sought by Funderburke individually, were bored by one E. A. Cloud, who testified that he and Funderburke each owned a half interest in the machine with which the work was done and that he was operating the same with Funderburke; and that he himself made the contract with the defendant for both wells, for which Funderburke, whom he referred to as his "partner," accepted certain notes without his knowledge, signed by the husband of the defendant, which notes were not, however, sued upon. Funderburke testified that in the boring and drilling of the wells, for which suit was brought, "Mr. Cloud and I were partners. . . Mr. Cloud was interested half with me; we have not dissolved partnership. . . After Mr. Tolar [the husband of the defendant] died, Mr. Cloud came to me and asked me if Mr. Tolar owed *us*, [italics ours] anything, and I told him yes," etc. There was no testimony to the effect that the partnership composed of Funderburke and Cloud was doing business in the name and style of "T. C. Funderburke," and, under the direct testimony of both of the partners interested, the amount claimed to be due by Mrs. Tolar was not due to either partner individually, but to the firm, and the action is undoubtely one in which it is sought to recover "in favor of one of the partners severally against the other contracting party," notwithstanding the fact that the partnership had not been dissolved at the time the suit was instituted, or even when the trial was had. In *Thompson* v. *McDonald, 84 Ga. 5* (2) (10 S. E. 448), it was said: "A contract with a partnership raises no cause of action in favor of one of the partners severally against the other contracting party, though the partnership was dissolved before full performance, and

though, by arrangement between the partners, performance was completed, after dissolution, by the partner who has brought the suit." Again, in *Blackwell* v. *Pennington,* 66 *Ga.* 240, it was said: "In all suits by partners or persons jointly interested, where the name of any one who ought to have been joined is omitted, it may be inserted instanter on motion. But a suit brought by one in his individual name can not be changed into a suit in the name of a partnership." Had the petition in this case alleged that the amount claimed was due to T. C. Funderburke, a partnership composed of Funderburke and another, it might have been amended by alleging the name of the other partner; but, as ruled in the case last quoted, since the suit was brought by Funderburke in his individual capacity, or as an individual, it could not have been converted into a suit in favor of a partnership even by amendment. The ruling in *Myers* v. *Hook,* 11 *Ga. App.* 517 (75 S. E. 833), precisely covers this case. It was there held: "The plaintiff having alleged in his petition that the defendant was indebted to him as an individual, and having proved that the indebtedness, if there was any, was due by a partnership, he failed to prove his case as laid, and the motion to award a nonsuit should have been granted." No motion for nonsuit appears, however, to have been made in this case. See also *Massoud* v. *Lamar, Taylor & Riley Drug Co.,* 18 *Ga. App.* 398 (89 S. E. 442). It is unnecessary to multiply authorities along this line.

One of the grounds of the motion for a new trial alleges error because the court gave the following instruction to the jury: "Should you find from the evidence that the plaintiff Funderburke was in a partnership with some other person or persons, and the partnership business was conducted in the name of the plaintiff T. C. Funderburke, he would have the right to bring this suit in that name or in the name of T. C. Funderburke." This charge is objected to because "not in conformity with the law," and because the plaintiff alleged that the defendant was indebted to him, whereas the evidence showed that, if indebted to any one, she was indebted to a partnership of which he was a member, and there was no evidence whatever tending to show that the partnership business was conducted in the name of Funderburke alone, upon which to base this instruction. We think this exception well taken. Upon the pleadings and under the proof, this instruction was er-

ror, and the court thereafter erred in overruling the motion for a new trial based upon this ground.

Under the foregoing ruling, we do not think it necessary to consider the various other exceptions, and they are not passed upon.

*Judgment reversed. Jenkins and Luke, JJ., concur.*