### 11383. SKINNER *v.* HILLIS.

JENKINS, P. J. 1. This being an action in trover to recover cotton alleged to be in the possession of the seller, the sole issue in the trial is that of title to the property in dispute. *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698, 90 Am. St. Rep. 102); *Barfield Music House* v. *Harris,* 20 *Ga. App.* 42 (92 S. E. 402).

2. Title to cotton sold by planters and commission merchants, on cash sale, does not pass until it is fully paid for. Civil Code (1910) § 4126; *Sell* v. *Moss,* 11 *Ga. App.* 854 (75 S. E. 985, 76 S. E. 988).

(a) Just as it has been held that the provisions of this statute are applicable to sales by commission merchants and factors on their own account, as well as sales by them as representatives of the planter (*National Bank of Augusta.* v. *Augusta Cotton Co.,* 104 *Ga.* 403, 30 S. E. 888; *Savannah Cotton-Press Asso.* v. *MacIntyre,* 92 *Ga.* 166, 17 S. E. 320), so it has been held that the provisions of this statute are applicable to sales by a planter, without reference to whether the particular cotton involved was produced by him or acquired from another. *Butler* v. *Ga. & Ala. Ry.,* 119 *Ga.* 959 (2) (47 S. E. 320).

(b) The term "on cash sale," as here used, is not confined to sales where the payment of actual money is to be made immediately, but includes all sales where it is expressly understood that the payment of actual money shall not be delayed for any longer period of time than is necessary, in the ordinary and usual course of business. *McCall* v. *Hunter,* 8 *Ga. App.* 612 (70 S. E. 59).

3. It follows that, irrespective of whether or not the contract in this case was within the statute of frauds, and whatever might be the rights of the plaintiff in a claim for breach of contract, the action in trover will not lie, since, under the statute referred to, the title to the cotton had not passed.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED OCTOBER 19, 1920.

Trover; from city court of Waynesboro — Judge Davis. January 27, 1920.

*E. V. Heath,* for plaintiff.
*Brinson & Hatcher,* for defendant.