## 13573. HAMMOCK *et al. v.* COLLINS.

LUKE, J. The evidence in this case wholly fails to show the conversion of the specific property sued for, and furthermore under the evidence the case falls within the rule announced in *Spikes* v. *Sassnett,* 19 *Ga. App.* 479 (91 S. E. 789), and case cited. It was error for the court to overrule the defendants' motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 12, 1922.

Trover; from city court of Reidsville — Judge Cowart. April 3, 1922.

E. C. Collins brought trover against John Hammock and Arthur Hammock for stated quantities of corn, cotton in seed, etc., alleged to have been raised on certain land of the plaintiff. The trial resulted in a verdict in favor of the plaintiff, for $50. The plaintiff testified: "I rented to the defendants the Dan Wilds place for the year 1919. . . I am suing for what my part of the crop amounted to. . . They were to receive half the crop. . . I saw the crop several times during the time it was growing and once or more after it matured, and I know that enough was made that my part of the crop should have been as follows: 1000 bundles of fodder valued at $20, 100 bushels of corn of the value of $150, 25 bushels of peanuts of the value of $75, 10 bushels of peas of the value of $50, 500 pounds of upland cotton in the seed of the value of $60" (the products, quantities, and values which were alleged in the petition). "The defendants told me that they were going to make four bales of cotton. They delivered to me a small bale of cotton and two or three little loads of corn, and that is all I got off the farm. Defendants took possession of all the remaining crops. I am sure that I was entitled to 500 pounds of seed cotton. All the other items sued for are estimates, but I know that there was enough in the fields after maturity to be at least that much for me, over and above what I received. I have no way of knowing exactly what was made on the place. I consented for the defendants to keep half the corn." There was no further evidence for the plaintiff. Defendant John Hammock testified: "Judge Collins got all we made on the place in the year 1919, except two little loads of corn, which he agreed for us to keep. I think the bale of cotton we delivered to him weighed about 300 pounds. There were 300 bundles of fodder pulled on the place

and stored in a house there. We planted 8 acres of corn and 10 acres of cotton. It rained nearly all the year from the middle of the summer on through the gathering season, and the crop just drowned out and we made practically nothing. I even took the little remnant of cotton I made on my own place and put it in the bale that I delivered to Judge Collins. The Dan Wilds place is a low, flat, sandy bottom, and in an extremely wet year like 1919 it is impossible to make a crop. We made no peanuts nor peas, and it rained and ruined nearly all the fodder we pulled. It rotted hanging on the stalks. We tended the crop the best we could. A man would bog down walking across the field and the grass got higher than the cotton, and, in some places, higher than the corn." Arthur Hammock testified: "We didn't make anything. Judge got all we made. The place just drowned out and it was impossible to make anything." The testimony of the Hammocks was supported in part by that of other witnesses.

*H. C. Beasley,* for plaintiff in error. *E. C. Collins, H. H. Elders,* contra.