14867. GRAHAM *et al. v.* JOHN FLANNERY CO.

STEPHENS, J. 1. A person who has acquired possession of personal property under a contract by the terms of which he is to purchase it, but is not to acquire title thereto until he has paid the entire purchase price, acquires no title whatsoever in the property where it is a commodity such as cotton the sale of which is governed by section 4126 of the Civil Code (1910). Such person, when acquiring possession of the property, becomes a bailee only, with the right to purchase the property on a cash sale and to acquire the title thereto only when the purchase-money is actually paid. *Flannery* v. *Harley,* 117 *Ga.* 483 (43 S. E. 765).

2. Where such bailee, after acquiring possession of the property under a contract to purchase for cash, breaches his contract by failing to pay therefor in compliance with his promise,—as where a check which he has given therefor has been dishonored,—the fact that for several days the owner indulged the bailee as to payment, under the bailee's promise to make the check good, which he did not do, does not necessarily convert the transaction into a credit sale, but such indulgence is consistent with the original agreement that the title was not to pass until actual payment of the purchase-money.

3. Where the bailee's promise to make the check good after it had been dishonored, which induced the owner to give the bailee indulgence for that purpose, was to cover the check with the proceeds of a draft which the bailee had drawn upon a cotton factor in a distant city, to whom the bailee had delivered the cotton, is insufficient to demand the inference and establish as a matter of law that the owner of the cotton, by his act in thus indulging the bailee, authorized or ratified a sale by the bailee of the cotton to the factor, where it appears that the bailee had other cotton in addition thereto in the possession of the factor and it does not appear that the draft on the factor referred to by the bailee covered the cotton in controversy.

4. Where the factor bought the cotton from the bailee and paid him therefor without notice of the owner's title, the owner, who was a planter and entitled to the benefit of section 4126 of the Civil Code (1910), could nevertheless, where the bailee had not paid him for the cotton, assert his title and recover against the factor for the conversion of the cotton, provided the owner was not estopped or had not consented to or ratified a sale made by the bailee to the factor. *Flannery* v. *Harley,* supra.

5. Entries of certain facts made at or near the time of their occurrence by a person whose duty it was to make the entries, and the truth of which was known to him, may, upon proper identification, be admitted in evidence as proof of the facts. 1 Greenleaf on Evidence (8th ed.), § 116 et seq.; Wigmore on Evidence (2d ed.), § 1521 et seq.; *Leonard v. Mixon*, 96 *Ga.* 239 (23 S. E. 80, 51 Am. St. R. 134); *Williams v. Kelsey*, 6 *Ga.* 365 (2); *Brooke v. Cunningham*, 19 *Ga. App.* 21 (2) (90 S. E. 1037). The price at which a commodity sells in a community is evidence of its market value in the community at the time of sale. In so far as the entries made by the secretary and superintendent of the Savannah Cotton Exchange, offered in evidence, failed to meet the foregoing requirements, they were not admissible. The testimony of such witness as to his knowledge of the market price of middling cotton, given independently of such entries and without reference thereto, was relevant and admissible. See *Pilcher v. Smith*, 31 *Ga. App.* 606 (121 S. E. 701); *Central R. &c. Co. v. Skellie*, 86 *Ga.* 686 (4) (12 S. E. 1017).

6. All statements should be construed with reference to the subject-matter of the conversation. Where it is inferable from the tenor of a conversation between the plaintiff and the vice-president of the defendant corporation, concerning the cotton in controversy which the plaintiff at the time claimed had been received by the defendant, that the defendant had obtained possession of the plaintiff's cotton, a reply made by the vice-president of the corporation in response to a question of the plaintiff concerning the price of cotton, to the effect that cotton was selling at a certain price, may, when construed in connection with the subject-matter of the conversation, be regarded as referring to cotton of the same grade and class of that of the plaintiff's which was the subject of the conversation. Such evidence was sufficient to authorize a finding as to the value of the cotton in controversy.

7. The evidence was sufficient to authorize the inference that the cotton sued for belonged to the plaintiff and that it came into the possession of the defendant. The evidence was also sufficient to establish the weight of the cotton and its market value. The evidence was sufficient to support a verdict for the plaintiff, and the court erred in granting a nonsuit.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1924.

Trover; from city court of Savannah—Judge Rourke. June 11, 1923.

*Oliver & Oliver,* for plaintiffs.

*O'Byrne, Hartridge, Wright & Brennan,* for defendant.