20066.   COUNCIL *v.* NUNN.

DECIDED APRIL 15, 1930.   REHEARING DENIED MAY 13, 1930.

*R. L. Maynard,* for plaintiff in error.

*Duncan & Nunn, Stephen Pace,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) ■ The court did not err in overruling the demurrer to the petition. The petition as amended alleged that the plaintiff was a planter and a commission merchant; that he sold the peanuts in question for cash; and that he had never been paid for them. Under § 4126 of the Civil Code (1910), title to the car of peanuts never passed from the plaintiff. See *Skinner* v. *Hillis,* 25 *Ga. App.* 711 (104 S. E. 508).

■ The defendant complains of the refusal of the court to grant a nonsuit, and in his motion urges three reasons why this was error.

(*a*) The first of these reasons is that the evidence does not show that Council individually exercised any dominion or control over the car of peanuts. The evidence shows that G. C. Nunn, the seller of the peanuts, and G. W. Riley, who represented the purchasers, each swore that the sale was a cash transaction. G. W. Riley swore also that he gave instructions to the superintendent of the oil-mill company not to unload this car of peanuts under any circumstances until he heard from him. He swore also that the car was not opened, unloaded, or worked by his consent, but that this was done under orders of C. M. Council. Thombly, who at the time was superintendent of the oil-mill, stated that G. W. Riley told him not to unload this car of peanuts until he ordered it done, but that Council ordered him to go ahead and unload them. Bynum, bookkeeper and cashier of the oil-mill, swore that G. W.

Riley instructed "us" not to unload the car until the peanuts were paid for; that Council "phoned me one night before I left the office to have them unloaded, said that he was going to pay for them next day, next morning;" that the car was unloaded the next morning after receiving instructions from Mr. Council, and were reloaded and shipped by his direction; that "I ordinarily gave checks for the payment of peanuts bought by the Farmers Cotton Oil Company. In this particular instance I was instructed to handle it the way it was handled, was so instructed by Mr. C. M. Council." Does not this evidence clearly show a distinct act of dominion wrongfully asserted over Nunn's property in denial of his right? Is not this a conversion? "Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. It is unnecessary to show that the defendant applied it to his own use, if he exercised dominion over it in defiance of the owner's right, or in a manner inconsistent with it. It is in law a conversion whether it be for his own or any other's use." *Merchants &c. Transportation Co.* v. *Moore,* 124 *Ga.* 482 (52 S. E. 802) ; *Rushin* v. *Tharpe,* 88 *Ga.* 781-2 (15 S. E. 830) ; *Heller* v. *Samuel Silver Inc.,* 30 *Ga. App.* 488 (3) (118 S. E. 449).

(*b*) The next reason is that "there was no evidence that there was any demand made on Mr. C. M. Council for the peanuts." What is said in the subdivision immediately preceding this one shows a conversion; and when an actual conversion is shown no demand is necessary. In *Securities Trust Co.* v. *Marshall,* 30 *Ga. App.* 380 (2) (118 S. E. 478), it was held: "In a trover case, demand and refusal are necessary only as evidence of conversion, and need not be proved where conversion is otherwise shown." *Hicks* v. *Moyer,* 10 *Ga. App.* 488 (4) (73 S. E. 754); *Merchants & Miners Transportation Co.* v. *Moore,* supra.

(*c*) The next reason is "that the car of peanuts was sold to the Farmers Cotton Oil Company, C. M. Council, G. W. Riley, and W. M. Riley, and that the sale was for cash, etc." and, as the evidence discloses that the sale was made to the Cotton Oil Company only, "there is a total variance between the allegation and the proof." We must not lose sight of the fact that this is not an attempt to enforce a contract of sale, but a case of trover arising from the unlawful conversion of Nunn's peanuts, and Council and

the two Rileys are made parties as joint tort-feasors. Joining them as parties defendant is clearly within the law. "A plaintiff can sue one or more than one, or he can sue all, of several joint tort-feasors in the same action, and the jury, by its verdict, can bind one and relieve another, as the evidence may authorize." *Finley* v. *Southern Ry Co.*, 5 *Ga. App.* 722 (3) (64 S. E. 312).

It is further urged, as a reason why a nonsuit should have been granted, that Nunn accepted Philadelphia exchange in payment of his claim, "deposited it and checked against it." As to this Nunn testified: "The document exhibited is the Philadelphia exchange I received from the Farmers Cotton Oil Company. I deposited that exchange in my bank for collection, and I next saw it when the cashier of my bank handed it back to me. I did not receive the money on it." He testified also: "I put it in as a deposit. That exchange was charged back to me. . . I have not received the $1838.25 on the draft. I have not received any payment for the car of peanuts, none whatever." This exchange never having been paid, the acceptance of it under the circumstances was not a settlement of the claim of Nunn. In *Kinard* v. *First National Bank of Sylvester*, 125 *Ga.* 229 (53 S. E. 1018, 114 Am. St. R. 201), Presiding Justice Cobb said: "'Drafts are not payment until they themselves are paid, there being no evidence that they were taken expressly in payment.' *Stewart Paper Co.* v. *Rau*, 92 *Ga.* 512 (2) [17 S. E. 748]. 'A bill, acceptance, or promissory note, either of the debtor or of a third person, is no payment or extinguishment of the original demand, unless it is expressly agreed to receive it in payment.' *Weaver* v. *Nixon*, 69 *Ga.* 699; *Rawlings* v. *Robson*, 70 *Ga.* 595 (2); *Hall's Cotton Gin Co.* v. *Black*, 71 *Ga.* 456; *Freeman* v. *Exchange Bank*, 87 *Ga.* 46 [13 S. E. 160]; *Hatcher* v. *Comer*, 75 *Ga.* 732; *Norton* v. *Paragon Oil Can Co.*, 98 *Ga.* 470 [25 S. E. 501]." There is nothing in the evidence in the present case to indicate that it was intended that the draft drawn by Nunn or the Philadelphia exchange received by him should be treated as payment until actually paid. In *Charleston & Western Carolina Ry. Co.* v. *Pope*, 122 *Ga.* 577 (50 S. E. 374), the 2d and 3d headnotes are as follows: "A cash sale of cotton delivered on Saturday is not converted into a credit sale because, on the Monday following, the commission merchant receives a check for the purchase-money, deposits the check in bank,

draws against the account thus increased, and marks the bill 'Paid.'" "If in such a cash sale the check is deposited in the drawee's bank, and dishonored on the day following, when presented through the clearing house, the title of the commission merchant to the cotton, by the terms of the Civil Code, § 3546 [Code of 1910, § 4126], is good as against the purchaser, the railroad to whom it is delivered, and the bona fide holder of the bill of lading." In that case Justice Lamar said (p. 580 (3)) : "Checks are expected to be paid on presentation. Reliance on that expectation, the receipt of the check, depositing it for collection or credit, and drawing against the account thus created or augmented do not make the check payment unless it is itself actually paid. Civil Code, § 3720. The statute was intended to meet exactly this class of cases." See also *Weaver* v. *Nixon,* 69 *Ga.* 699 (2) ; *Wylly* v. *Collins,* 9 *Ga.* 224 (12) ; *Moore* v. *Walker,* 27 *Ga. App.* 428 (108 S. E. 809) ; *Graham* v. *John Flannery Co.,* 32 *Ga. App.* 713 (124 S. E. 729) ; *Anchor Duck Mills* v. *Harp,* 40 *Ga.* 563 (150 S. E. 573).

Plaintiff in error insists also that the motion for a nonsuit should have been granted because the plaintiff was not a planter and commission merchant. The evidence shows to the contrary. The plaintiff swore that he was a planter and commission merchant. In *Skinner* v. *Hillis,* supra, it was held : "Just as it has been held that the provisions of this statute are applicable to sales by commission merchants and factors on their own account, as well as sales by them as representatives of the planter (*National Bank of Augusta* v. *Augusta Cotton Co.,* 104 *Ga.* 403, 30 S. E. 888; *Savannah Cotton Press Asso.* v. *MacIntyre,* 92 *Ga.* 166, 17 S. E. 320), so it has been held that the provisions of this statute are applicable to sales by a planter, without reference to whether the particular cotton involved was produced by him or acquired from another. *Butler* v. *Ga. & Ala. Ry.,* 119 *Ga.* 959 (2) (47 S. E. 320)."

Plaintiff in error insists that the court erred in directing a verdict in favor of Nunn because of the fact that Nunn filed a claim with the State Banking Department, and in this claim recited that the Planters Bank paid his draft drawn for the car of peanuts, and that the Planters Bank issued to him Philadelphia exchange to cover the amount of his claim. Under the facts as shown by the record there is nothing in this contention. The exchange issued by the bank in payment of the draft drawn by Nunn for

his claim was and is absolutely worthless. Nunn never received a dollar from it. Nor is there any merit in the contention of the plaintiff in error that Nunn did not return the Philadelphia exchange sent to him.

The court did not err in refusing to grant a nonsuit, or in directing a verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*