33301.  GRAHAM *et al. v.* RAINES.

Decided March 2, 1951.  Rehearing denied March 16, 1951.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, R. R. Jones,* for plaintiffs in error.

*J. V. Davis, E. A. Landau, Leonard Farkas, H. A. Wilkinson, Walter H. Burt,* contra.

WORRILL, J. ■ The original petition in this case was substantially in the "Jack Jones" form prescribed by the legislature in the act of 1847 (Ga. L. 1847, p. 203), and if the property sought to be recovered, or for which damages for its conversion are sought, was sufficiently described, the petition was not subject to demurrer, general or special. *Crews* v. *Roberson,* 62 *Ga. App.* 855 (1) (10 S. E. 2d, 114). Furthermore, it is clear that the description of the peanuts involved as being those grown on the farm of Duskin and Raines in the year 1945 and delivered by J. W. Duskin, or the Farmers Exchange to the defendant in the latter part of October and the months of November and December, 1945, being one-half of 174,639 pounds so delivered, is a sufficient description. *Crews* v. *Roberson,* supra. A plaintiff is not required to set out on the face of the record in detail the evidence upon which he intends to rely. It is sufficient if from the description set out in the petition the property sued for can be separated from that general mass of similar property by extrinsic evidence limited in its range by the· description in the petition. This requirement was sufficiently met when the petition described the peanuts as those grown on a particular farm or by a particular enterprise during a certain season and delivered by specified persons to the defendant during a specified period of time.

The amendments, while enlarging in some little detail the allegations respecting the description of the peanuts, the dissolution of the partnership or joint enterprise, and the dates on which the peanuts were delivered to the defendants, did not substantially change the form of the petition, and the petition as amended was sufficient to withstand the demurrers attacking it on these grounds.

■ The ruling just made disposes of all but two of the questions presented by the demurrers. The next question may be simply stated as this: After the dissolution of a partnership and the division of the partnership assets between the two partners equally, may one standing in the place of one of the former

partners, in his own name, and without suing in the name of the partnership and without joining in the suit the other former partner, bring his action in trover against a third party to recover his undivided one-half interest (or the value thereof) in certain partnership property delivered to the defendant during the life of the partnership and illegally held by the defendant since delivered to him? After the dissolution of the partnership the rights of the individual former partners in any undivided personalty, including choses in action, was that of tenants in common. The partnership had no further legal existence and could neither sue nor be sued. The plaintiff could not, then, have resorted to the use of the partnership name. Furthermore, "A tenant in common need not join his cotenant, but may sue separately for his interest, and the judgment in such case shall affect only himself." Code, § 3-111. This ruling is not changed by the fact that the plaintiff merely alleged that the partnership had been dissolved and a division of the assets had, nor by the allegation that the interests of the partners in the peanuts here involved, and in the claim or chose in action to recover them "would be" divided fifty-fifty. These allegations were sufficient to show the termination of the partnership agreement, even as against the special demurrers interposed.

The plaintiff in error cites as authority for his position that this action by one of the partners alone upon a debt or obligation due the partnership can not be maintained, the cases of *Thompson* v. *McDonald,* 84 *Ga.* 5(2) (10 S. E. 448); *Tolar* v. *Funderburke,* 21 *Ga. App.* 436 (94 S. E. 592); *Miller* v. *Freeman,* 111 *Ga.* 654, 660 (36 S. E. 961); *Camp* v. *Casey,* 110 *Ga.* 262 (34 S. E. 277); *Spikes* v. *Sassnett,* 19 *Ga. App.* 479 (91 S. E. 789); *Hammock* v. *Collins,* 28 *Ga. App.* 769 (113 S. E. 112); *Ellis* v. *Hopps,* 30 *Ga. App.* 453(5) (118 S. E. 583). As for the ruling announced in the *Thompson* case, it is clear that this rule applies only to actions ex contractu. See *Waller·* v. *Morris,* 78 *Ga. App.* 821 (52 S. E. 2d, 583). This case is in trover which is, of course, an action ex delicto, and that rule does not apply here. In the *Tolar* case the same distinction applies, and furthermore, in that case it was expressly held that the partnership had not been dissolved. This latter reason distinguishes the *Miller* case. In the remaining cases it appeared that in each

the plaintiff failed to show title to the specific property sued for, but this fact does not appear on the face of the petition here. For these reasons these grounds of the demurrer are without merit.

The final contention made by the demurrers is that there is a misjoinder of parties defendant in that it does not appear that there is a joint cause of action against the defendant company and its agent, the defendant Graham. This point was directly ruled against the defendant in *Council* v. *Nunn*, 41 *Ga. App.* 407, 410(c) (153 S. E. 234), and in *Long* v. *Dye*, 42 *Ga. App.* 726 (5, 6) (157 S. E. 359).

For these reasons the trial court did not err in overruling the demurrers, both general and special.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*