## FURR *v.* BURNS.

1. Where a decedent devised land to his wife for life, with remainder to four named persons, and provided that if one or more of such persons should be dead at the time of the death of the life-tenant their children should take such parts as their parents would have taken if living, on a suit to recover the estate from one in possession, brought by parties claiming under one of the remaindermen named in the will, an allegation that the other three remaindermen had been gone and unheard of for more than seven years at the time when the will was made, that no one knows whether they are dead or alive, and, if dead, whether any children survive them, and that they had been unheard of for more than thirty years at the time of the death of the life-tenant, was demurrable. The allegation may have been sufficient to show prima facie that the remaindermen were dead, but did not show whether they ever had children, or, if so, what had become of them.

2. In a proceeding under the Civil Code, § 4987, brought by a guardian for the purpose of making a sale of property of minors and a reinvestment of the proceeds, it is not necessary that minors under the age of fourteen years should be served.

3. A lease executed by a life-tenant of real estate and the widow of one of the remaindermen, which recited that she acted by reason of being such widow, and as mother of the children of her deceased husband, and

which had been transferred by the lessee to others, did not confer upon persons claiming to have bought at a guardian's sale the interest of the minors a right to recover against one of the transferees of the original lessee pending the term of the lease, on the ground that such transferee had failed to pay the rent and refused to deliver possession.

4. Plaintiffs seeking to recover possession of land show no title by alleging that they are heirs of a life-tenant, after her death.

5. Pleadings should allege as a basis of recovery facts, not mere general conclusions.

Argued December 5, 1905.—Decided January 13, 1906.

Complaint for land. Before Judge Kimsey. Habersham superior court. March 8, 1905.

J. K. Burns and others brought their suit to recover of W. P. Furr a certain house and lot situated in the town of Clarkesville. Their petition alleged as follows: The lot sued for was known as the Charles Deas place. For a long time prior to 1873 he owned it and lived on it; and in that year he died on it. In 1873 he made his last will, the third item of which was as follows: "I give, devise, and bequeath to my executor hereinafter named, for the use, benefit, and advantage of my wife, Amanda, during natural life, my house and lot in Clarkesville wherein I now live, to be occupied by her as a home if she desires it, and if not, the rents, issues, and profits to be paid to her for her own use during her natural life; and after her death said house and lot is bequeathed to and is to become the property of four persons or their children, Joseph Jenkins, son of my wife Amanda, and Viena, Mary, and Jane, my children by Lucy, formerly servant of Jno. R. Stanford. Said persons, if alive at my wife's death, to take said property share and share alike; and if any one or more be then dead, their children to take such parts as their parents would have taken if alive." At the time the will was made, the son, Joseph Jenkins, referred to in the will, lived with his parent on the property. The other children named in the will had at that time been gone and unheard of for more than seven years, and no one knew where they were, whether dead or alive, and if dead, whether any children survived them, having been unheard of for more than thirty years at the death of Amanda, the life-tenant. A short while after making his will, Charles Deas died, leaving his widow, Amanda, living on the property sued for, where she remained until her death. At the time of her death the family of her son Joseph Jenkins lived on the prop-

erty with her. A short time before the death of Amanda, the life-tenant, her son Joseph Jenkins died, leaving a wife and four children. A guardian was duly appointed for the children of Joseph Deas, who were minors, and an application was made for the sale and reinvestment of this property, which was granted. In pursuance of legal authority the property was exposed for sale in terms of the law, and was bought by the petitioners for the sum of fifteen hundred dollars, and a deed was made them. Petitioners show that W. P. Furr, the defendant, has taken possession of a part of the property, to wit, a house and lot, and it is this they seek to recover.

When the case was called for trial the plaintiffs offered an amendment to their petition; to which the defendant objected on the ground that it set forth a new cause of action. The court allowed the amendment; whereupon the defendant demurred to the original petition and to the amendment, and moved to dismiss the petition. The court overruled the demurrer and refused to dismiss the petition, and the defendant excepted.

*H. H. Dean* and *J. C. Edwards,* for plaintiff in error.

*J. B. Jones,* contra.

CANDLER, J. (After stating the foregoing facts.) 1. The devise was to the testator's wife for life, with remainder to four persons, with the provision that if one or more of them should be dead at the time of the death of the life-tenant, their children were to take such parts as their parents would have taken if alive. It was alleged that at the time when the will was made, three of the remaindermen had been gone and unheard of for more than seven years, and that no one knows whether they are dead or alive, and, if dead, whether any children survive them, they having been unheard of for more than thirty years at the time of the death of the life-tenant. There is no allegation that they in fact had no children, or whether they had any children when they left or not, or, if so, when such children were last heard from. In order for this part of the legacy to fail, the remaindermen must have died before the life-tenant, and must have left no children then living. If they had children, it must appear that such children had died. The only allegation on the subject is that no one knows. Pleadings must allege facts as a basis of recovery, not ignorance of facts. Whether, if there were children, their death might be shown by a presumption similar to

that as to their parents, or whether, if the remaindermen were un-married and childless when last heard from, a presumption that they so continued would arise, is not in question. · There is no such allegation.

· 2. Generally, in cases of sales by trustees, all persons in interest should be notified. Civil Code, § 4865. But in regard to applications for sale and reinvestment by guardians the legislature appears to have entertained a different purpose. The act of November 11, 1889 (Acts 1889, p. 157), gave to the judge of the superior court of the county of the guardian's appointment power to order such sale and reinvestment, and provided that service of a copy of the petition be made personally on each of his wards, and also for service upon at least one of the next of kin, and for publication. This was amended · by the act of October 14, 1891 (Acts 1890-91, p. 229, Civil Code, § 2546), which retained the. requirement of publication and of service on at least one of the next of kin, but changed the provision as to service on the minors so as to read, "on each of his wards over the age of fourteen," thus apparently intentionally omitting those less than fourteen years of age. Perhaps they considered service of some near kinsman, coupled with publication, sufficient in such cases.

We think it would be well to require service on all children whose property is to be sold. It may seem anomalous to serve an infant in its cradle; but the very singularity of doing so is very apt to attract the attention of the person or persons having charge of the child and most interested in it, while if an applicant is left to select which one or more of the next of kin he will serve, without serving the child, he may select some complaisant kinsman, not the one really interested. Still, this is a matter for the legislature, not for the courts. Section 4987 of the Civil Code merely declares the mode of service on minors, not when it is necessary.

3. The amendment allowed in the present case showed that the life-tenant and the widow of one of the remaindermen entered into a lease with one L. C. Furr which recited that "Dolly Deas, widow of Joseph Deas, deceased, who by reason of her being the widow of Joseph Deas, deceased, and as mother of his children," entered into the contract. Attached to this lease was an assignment by L. C. Furr to the defendant and two other named persons. It will be seen that this contract was not made by the children themselves,

nor by any one authorized to act for them.    Nor did they ratify it, if they could have done so during their minority.    She did not purport to act as guardian or by any legal authority.    She claimed to be interested with the children as an heir of her deceased husband. The lease had not expired at the time of the suit, and under its terms the purchasers of the interests of the children of Dolly Deas did not occupy such a position in relation to the contract as would authorize them to recover on the ground that its terms had not been kept by the defendant.    *Gunter* v. *Mooney, 72 Ga.* 205.    If the plaintiff had been entitled to proceed to recover the land on account of an alleged violation of the lease by one of the transferees thereof, it would have been necessary to proceed against all.

4. A life-tenant has no estate in the land which passes by inheritance to her heirs.    Therefore persons claiming as her heirs do not show any right to recover from a person in possession on the ground that he obtained possession under a lease from her.

5. A mere general allegation that the defendant knew the property was to be sold by the guardian of the children, and "that he was at or near enough the sale at the time of the purchase by petitioners at the guardian's sale to hear the auctioneer crying the sale, and made no objection to the same or claim any interest or right to the same or any part," is only a statement of a conclusion in the alternative, and a special demurrer to it should have been sustained.    So also of the allegation that the defendant "had so acted, claimed, and held himself out as the tenant aforesaid, and of having no interest, claim, or right to the property sued for, that these petitioners were induced to believe that the defendant had no claim or interest in the same, and they purchased the property aforesaid as bona fide purchasers and paid for the same all the property was worth, without notice of any claim by the defendant.    A special demurrer to this should have also been sustained.

*Judgment reversed.    All the Justices concur.*