332.　CEDARTOWN COTTON & EXPORT CO. *v.* MILES.

1. Every petition should set forth the facts upon which the cause of action is based "plainly, fully, and distinctly," and with such certainty that the same may be understood by the defendant who is to answer them, the jury who are to ascertain the truth thereof, and the court who is to give judgment.

(*a*) The plaintiff is not required to set forth the evidence, either direct or circumstantial, by which he expects to establish the traversable facts alleged in the petition.

(*b*) The certainty required as to the allegations in a suit by a servant against his master for personal injuries occasioned by a defective instrumentality is discussed.

2. The court erred in overruling the demurrers to the petition.

Action for damages, from city court of Polk county—Judge Irwin. December 17, 1906.

Argued May 7,—Decided May 24, 1907.

*Bunn & Trawick,* for plaintiff in error.

*Seaborn & Barry Wright, J. A. Wright,* contra.

POWELL, J. The exception in this case is to the overruling of a demurrer to the plaintiff's petition. The petition, omitting formal parts, alleges: Paragraph 1: That defendant operates a cotton factory. Paragraph 2: That on the 15th day of July, 1905, petitioner was in the service of the defendant as a card stripper. Petitioner was cleaning his card, and while cleaning the feed shaft the pulley upon which the belts from the cylinder and from the comb run flew off the axle, and the belt from the cylinder pulley caught petitioner's arm between the shoulder and elbow, and jerked petitioner against the card, pulled and wound his arm around and between the feed shaft and the card, and broke it in two places between the shoulder and elbow. Paragraph 3: The flying off of said pulley was due to the negligence of defendant, in that the nut and screw which held said pulley on the axle were not in their places, and the end of the axle was also broken. Said fact should have been known to the defendant, and was unknown to the plaintiff, and his injury is due to the negligence aforesaid. Paragraph 4 specifically describes the injury received. Paragraph 5: All of said injuries were due to the negligence of defendant, and could not have been averted by plaintiff by the exercise of ordinary care. Paragraphs 6 and 7 allege plaintiff's age (45 years), his earning capacity, pain and suffering, and contain the ad damnum and

usual prayers. By amendment there is added, after the word "plaintiff," in the third paragraph, the words "and could not, by the exercise of ordinary care, have been known to him."

In addition to the general demurrer, the defendant, by special demurrer, insists "that the allegations of fact set out in said petition show that the defect complained of was a patent one, and that, if plaintiff did not know the existence of the same, he could, by the exercise of ordinary care, have discovered it;" also that they do not sufficiently describe the defect complained of in said machine and the manner in which the injury was received; also, as to the third paragraph of the petition, that "the allegations in said paragraph do not show how or why said nut or screw happened to be off, who took it off, or when it was removed; said paragraph charges that the end of the axle was also broken, but there are no allegations which show that said alleged broken axle in any way caused or contributed to the injury; said paragraph does not show that plaintiff did not know about said nut and screw being out of place; the last sentence in said paragraph sets out a conclusion, and contains no averments which show how or wherein defendant was negligent;" also, as to paragraph 2, that "the allegations therein are confused, vague, indefinite, and do not put defendant on notice as to how plaintiff was injured;" also, as to paragraph 5, "that the same is too general; said paragraph contains no allegations showing negligence on part of defendant; the last clause of said paragraph is merely a conclusion of the pleader." The trial court overruled all the demurrers.

1. As to pleadings at common law it has been said on eminent and unquestioned authority (Chitty on Pl. 256): "The principal rule as to the mode of stating the facts is that they must be set forth with certainty, by which term is signified a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who are to give judgment." Our Civil Code, §4960, requires that the plaintiff, in his petition, shall plainly, fully, and distinctly set forth his charge, ground of complaint, and demand. As construed by the courts of this State, this statutory provision requires a higher degree of certainty in pleading than was necessary at common law; but the object to be attained

is the same under both systems, to wit, that the pleadings be understood by the party, the jury, and the court. They certainly ought to be so certain and full that the court may look to the allegations of fact and know whether a cause of action is set forth or not. The plaintiff is not required to set forth the evidence, either direct or circumstantial, by which he expects to establish the traversable facts alleged in the declaration, and a demurrer can not properly be used to compel him to do so; but all the facts necessary to be stated should be set forth plainly, and special demurrer will compel this. In negligence suits, in order that the court may determine from an inspection of the pleading whether a cause of action is set forth, each fact necessary to raise the duty and to show the specific breach thereof, or the specific wrong inflicted, should be plainly and unequivocally stated; and enough of the details of each element of the case should be set out to clearly distinguish the transaction as an actionable one and not to leave it doubtful whether it is so or not. Many facts, especially those resting peculiarly within the knowledge of the opposite party, may be alleged in general terms; but they should be alleged as facts, not merely as legal conclusions.

In a suit by a servant against the master for an injury occasioned by a defective instrumentality, the servant should allege the facts of his employment. This usually may be done in general terms, provided the language used is sufficient to clearly distinguish his relation to the master from that of a volunteer. He should allege, also, the character of the services he was hired to perform. The allegations as to this may be general, except that they should increase in definiteness as they relate to the particular instrumentality in question, and as to this they should be sufficiently specific to show the relationship of the service to the instrumentality. It is not ordinarily necessary to allege the master's duty to furnish reasonably safe instrumentalities; for this is a matter of which the court will take judicial notice, and, if this duty be alleged at all, it may be stated, without objection, in the form of a legal conclusion. Things of which the courts take ex-officio notice need not be specially pleaded. Chitty, Pl. 236. He should also set out a definite description of the instrumentality in question; and more details are required when the instrumentality is not a simple and well-known contrivance than when it consists of something that

people generally, from their common knowledge, understand in detail without elaboration or description. However, it is not necessary to go into details of description, except so far as may be necessary to show the relation of the instrumentality to the duties of the servant, to the specific mode of the injury, to the exact nature of the defect, to the negligence of the master, to the lack of contributory negligence of the servant, or to some other essential element of the case. The defect in the instrumentality should also be set forth with similar certainty, and it should appear whether the defect was latent or patent. This should be shown by facts stated, and not by mere conclusions of the pleader. The facts should disclose the proximateness of the defect as a cause of the injury. The master's actual or constructive knowledge must appear. If the allegation be that the master knew of the defect, this may be simply and directly stated, and it is not necessary to state how or why he knew it. If constructive knowledge be charged to the master, and the facts stated in the petition make a case where by law the duty of knowing is imposed upon the master, the legal conclusion "that he ought to have known" is not subject to objection; but if the duty of knowing does not arise as a matter of law from the facts already stated, then the specific circumstances creating the duty of knowing must be detailed. See *Babcock Lumber Co.* v. *Johnson,* 120 *Ga.* 1034, 48 S. E. 438. Also, the servant's lack of knowledge must appear. As to this, the allegation that the servant "did not know" of a defect is a statement of fact, and is sufficient as alleging actual lack of knowledge. Freedom from implied knowledge can be alleged in the form of a legal conclusion only when the facts set forth show such a state of circumstances as to relieve the plaintiff from such an imputation; otherwise the court will disregard the legal conclusion and give judgment on the facts actually stated. If the plaintiff relies upon his tender years, his inexperience, a false sense of security occasioned by misrepresentations of the master, the latent character of the defect, or other reason regarded by the law as sufficient to relieve the servant from implication of knowledge, the facts should be definitely stated. The details of how the injury occurred should, of course, be specifically set forth. So far as they illustrate the character of the defect in the instrumentality, the master's negligence, or the servant's freedom from fault, they should be more specific than wherein they are

merely collateral to the salient legal elements of the case. The sum of the whole matter is that the petition should set out plainly and distinctly, by allegations of facts, an unequivocal cause of action. If the facts as alleged also reasonably tend to establish some defense which would defeat the action, enough additional facts must be set out to negative this defense. But the petition need not anticipate a defense which the facts alleged do not disclose. Of course, these suggestions are not intended to be considered as exhaustive. There are many other matters to be regarded. We are merely trying to stress the point that the pleader should make his necessary allegations plain, definite, and unequivocal, and that he may be compelled by demurrer to do so, but that, when he has done this, he can not be compelled by special demurrer to go further and allege details which might be valuable to the opposite party in the preparation of his defense, and that it is not required that the pleader set forth the evidence by which he expects to prove the allegations so made.

2. Applying these rules to the petition in the present case, we think that it is deficient in certainty. The description of the machine at which the plaintiff was working is very indefinite. The court can not say, from what is set out, whether the defect was latent or patent, or whether the fact that the end of the axle was broken had any relation to the injury. The plaintiff relies upon constructive notice on the master's part as to the absence of a nut and screw, without alleging that the nut and screw, which were not in their places, were left off by the master, or that they had been off such a length of time as to charge him with notice. He alleges the conclusion that by ordinary care he himself could not have known of their absence, without showing any facts on which to base this conclusion. So far as the petition discloses, the defect was patent. We recognize the rule that if the defect was latent the master would be ordinarily held bound to discover the fact sooner than the servant, since the duty of inspection rests on the master and not on the servant; but the allegations are not sufficient to justify an application of this rule. Every fact alleged in this petition might be true, and the master not be liable. Unless the plaintiff amends his petition and cures these defects, it should be dismissed.

*Judgment reversed.*