35994. GLENS FALLS INDEMNITY CO. *v.* CANAL INSURANCE CO.

DECIDED FEBRUARY 20, 1956—REHEARING DENIED MARCH 9, 1956.

*Harris, Russell, Weaver & Watkins, John B. Harris, Jr.,* for plaintiff in error.

*Roy B. Rhodenhiser, Jr., Buckner F. Melton,* contra.

NICHOLS, J. 1. The one ground of special demurrer attacks a paragraph of the petition as being immaterial and irrelevant and prejudicial to the rights of the defendant, without pointing out why the paragraph is immaterial, irrelevant and prejudicial. "A demurrer, being a critic, must itself be free from imperfection. It must lay its finger, as it were, on the very point. [Citing.] A

demurrer which fails to point out wherein a particular allegation is irrelevant, immaterial, prejudicial, not germane or impertinent, or does not constitute issuable facts, or states erroneous conclusions of law, or which does not point out wherein or how the petition is multifarious or contradictory, is altogether too vague and general to be considered by this court." *Gay* v. *Healan,* 88 *Ga. App.* 533, 537 (77 S. E. 2d 47).

2. The only remaining question for decision is whether or not the trial judge erred in overruling the general demurrer to the petition.

The petition as finally amended alleged that the plaintiff had entered into a contract of liability insurance with Al W. Gerhardt and Radio Cabs, Limited, on February 21, 1952, that the defendant had entered into a contract of liability insurance with Calvin Sangster prior to May 10, 1952, that on May 10, 1952, Calvin Sangster, the defendant's insured, was involved in a collision in Bibb County, Georgia with a vehicle belonging to Al W. Gerhardt and Radio Cabs, Limited, petitioner's insured, that as a result of this collision Mrs. Dorothy Collins instituted an action for damages and named the defendant's insured, Calvin Sangster, and the plaintiff's insured, Al W. Gerhardt and Radio Cabs, Limited, as defendants, that a joint verdict and judgment was returned against the plaintiff's insured and the defendant's insured in the sum of $6,000 plus costs of court, that a fi. fa. was issued, which was duly transferred to the plaintiff for the sum of $4,500, plus $40.60 costs, making a total paid by the plaintiff of $4,540.60, that neither the defendant nor its insured, Calvin Sangster, has contributed in any way to the payment of said sum, that the amount of liability of Calvin Sangster, the defendant's insured, has been finally determined by judgment against said insured after actual trial of the issues in the Superior Court of Houston County, that said verdict and judgment was rendered on August 23, 1952, and that under the terms of the contracts of insurance the plaintiff and the defendant were both equally bound to satisfy the joint judgment rendered against the joint tortfeasors. The plaintiff prayed for a judgment in one half the amount expended by it in satisfying the fi. fa.

It has been held that an insurance company paying a judgment, or claim, cannot proceed in its own name against the joint tort-

590

feasor, or wrongdoer, but that the action must be brought in the name of its insured for the use of the insurance company. *Holcombe* v. *Richmond & Danville R. Co.*, 78 *Ga.* 776 (3 S. E. 755) ; *Horton* v. *Continental Cas. Co.*, 72 *Ga. App.* 594 (34 S. E. 2d 605). It necessarily follows that if an insurance company cannot proceed against a joint tortfeasor of its insured for contribution that it cannot proceed against the insurer of the joint tortfeasor for contribution. Accordingly, the trial court erred in overruling the renewed general demurrer to the petition as amended.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*