### 19901.   McDILDA v. LANKFORD et al.

CANDLER, Justice.   R. L. McDilda brought an action for land in the Superior Court of Toombs County against R. H. Lankford and George M. Beckworth.   As amended, the petition described the property sought to be recovered as being one-half acre of land on the west side of U. S. Highway No. 1 south of Toombs County stockyard, and on which there is a building known as "Wilson's Drive-In," and being the northeastern corner of a tract of land containing 42.58 acres, more or less, in the 1536th G. M. District of Toombs County, Georgia, which tract of 42.58 acres, more or less, is described in a deed from R. H. Lankford to the plaintiff, dated September 29, 1954, and recorded in the office of the Clerk of the Superior Court of Toombs County in Deed Book 53 at page 261.   The amended petition was demurred to on the ground that its allegations were insufficient to state a cause of action.   There is an exception to a judgment sustaining the demurrer.   *Held:*

1. The rule of good pleading requires a plaintiff to set forth plainly, fully, and distinctly his cause of action, legal or equitable.   Code § 81-101.

2. The descriptive allegations in an action for land must be sufficiently definite so that the sheriff can from the description given in the petition, without resort to extrinsic evidence, put the plaintiff in possession if he prevails in the cause, whereas a deed as evidence of title is sufficient if its descriptive averments afford data or "a key" by which the land can be

774

definitely located by the aid of extrinsic evidence. *Crosby* v. *McGraw*, 133 *Ga.* 560 (66 S. E. 897); *Scoville* v. *Lamar*, 149 *Ga.* 333 (1) (100 S. E. 96); *Crider* v. *Woodward*, 162 *Ga.* 743, 752 (135 S. E. 95) and citations; *Kauffman* v. *Deese*, 205 *Ga.* 841 (2) (55 S. E. 2d 358). The amended petition when tested by the rule just announced failed to describe the property with that degree of certainty which would enable the sheriff, in the event of a recovery by the plaintiff, to execute a writ of possession.

3. The sufficiency of the description of premises sought to be recovered in an action for land may be tested by general demurrer. *Darley* v. *Starr*, 150 *Ga.* 88 (102 S. E. 819); *Hamil* v. *Gormley*, 188 *Ga.* 585, 586 (4 S. E. 2d 471).

4. Since the amended petition failed to describe the property sought to be recovered with the required degree of certainty, the trial judge properly dismissed it on general demurrer; and since this ruling completely disposes of the case, the other rulings excepted to need not be considered.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 12, 1957—DECIDED JANUARY 10, 1958—
REHEARING DENIED FEBRUARY 7, 1958.

*Jackson & Graham*, for plaintiff in error.
*Alvin L. Layne, J. Ellis Pope*, contra.