20328. TANNER, by Next Friend, *v.* NATIONAL CASUALTY COMPANY.

WYATT, Presiding Justice. This case comes to this court by reason of an equal division of the Judges of the Court of Appeals; Judges Felton and Gardner and Quilliam, being for affirmance and Judges Townsend, Carlisle, and Nichols being for reversal. The facts in the case, in so far as they need be stated here, are: Jones D. Tanner filed suit on an insurance contract. The material terms of the contract provided that

the insurance covered only such injury as was incurred, (1) while attending school during the hours and on the days when school was in session, and (2) while the insured was traveling to or from school and the insured's residence for such sessions, coverage being effective not more than one hour before the time school begins and not more than one hour after the insured is dismissed from school. The petition as originally filed read: "That, at the time of the accident mentioned in paragraph 7 of this petition, the petitioner was traveling from his school to his residence, within the terms of said insurance policy, and said accident occurred less than one hour after petitioner was dismissed from school." The defendant filed general and special demurrers to the petition. All grounds of demurrer, including the general demurrer, were overruled except ground five of the special demurrer, in which the defendant demurred to the paragraph in the petition above set out, "for the reason that same constitutes a conclusion in that it is not alleged in said paragraph or elsewhere in said petition the direction of petitioner's home from the school or the direction from the school to the place where any alleged accident occurred." This demurrer was sustained with leave to amend. The plaintiff amended his petition, supplying the information called for in the special demurrer. It appears from the amendment that the insured was injured at a point approximately two miles north of the school, and that his residence was located approximately three miles south of the said school. After this amendment was filed, the general demurrer was renewed and for grounds stated, that the petition showed on its face that the petitioner was injured approximately two miles north of his school when he lived approximately three miles south of said school, which allegations plainly show that the petitioner was not at the time of his injury traveling to or from his residence, but was traveling in an opposite direction. The general demurrer was sustained. The exception here is to the judgment sustaining the special demurrer, above set out, and to the judgment sustaining the general demurrer to the petition. *Held:*

1. (*a*) Since, in the view we take of this case, a ruling upon the special demurrer will be controlling, we first consider this assignment of error. Defendant in error contends that this assignment should not be considered because, since the plaintiff in error amended his petition in response to the order of

the judge, he acceded to the ruling of the court on the special demurrer and can not now complain of that ruling. There is no merit in this contention. Ga. L. 1953, Nov. Sess., p. 82, appearing as a part of Code (Ann.) § 81-1001, expressly gives the plaintiff in error this right.

(*b*) It is evident that the effect of the special demurrer here under consideration was to require the plaintiff in error to plead his evidence. This he is not required to do. "Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts upon which she depends for a recovery. As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need not and should not be set forth in the pleadings." *Lefkoff* v. *Sicro*, 189 *Ga.* 554 (10) (6 S. E. 2d 687, 133 A.L.R. 738). In the instant case, the ultimate fact to be proved is that the plaintiff in error "was traveling from school to his residence" when the accident occurred. Where the school was located and where the plaintiff's residence was located in relation to where the accident occurred, are matters of evidence which will be relied upon to prove the ultimate fact, that the plaintiff was on his way from school to his residence, and need not and should not be included in the petition. The paragraph of the original petition demurred to was, therefore, not subject to the criticism made of it, and it was error to sustain the special demurrer and require the plaintiff to amend his petition.

2. In view of the ruling above made, to the effect that it was error to sustain the special demurrer and require the plaintiff to amend his petition, it follows as a matter of course that it was likewise error to sustain the general demurrer to the petition.

3. Under the rulings above made, the judgment of the court below sustaining the special demurrer to the petition and requiring the plaintiff to amend his petition, and the judgment sustaining the general demurrer to the petition as amended, were error, and both judgments are reversed.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 14, 1959—DECIDED FEBRUARY 6, 1959.

*Johnston & Ussery,* for plaintiff in error.

*Wm. J. Neville, W. G. Neville, Taylor, Edwards & Yancey,* contra.