37660. MIDLAND PROPERTIES COMPANY *v.* FARMER, by Next Friend.

37661. SAVANNAH & ATLANTA RAILWAY COMPANY *v.* FARMER, by Next Friend.

37662. MAYOR & ALDERMEN OF SAVANNAH *v.* FARMER, by Next Friend.

37663. SAVANNAH ELECTRIC & POWER COMPANY *v.* FARMER, by Next Friend.

DECIDED JUNE 24, 1959—REHEARING DENIED JULY 17, 1959.

16

18

*Hitch, Miller & Beckmann, Robert M. Hitch, John E. Simpson,* for Midland Properties Co. and Savannah & Atlanta Ry. Co.

*Oliver, Davis & Maner, Edwin Maner, Jr.,* for Mayor &c. of Savannah.

*Bouhan, Lawrence, Williams, Levy & McAlpin,* for Savannah Electric &c. Co.

*Lewis, Wylly & Javetz, John C. Wylly,* contra.

NICHOLS, Judge. 1. The Savannah Electric & Power Company demurred specially to paragraphs 7 and 8 of the plaintiff's petition because the exhibits therein referred to themselves referred to a plat being attached and as being on file in the records of the Clerk of the Superior Court of Chatham County, Georgia, which plat was not attached to the exhibit. The basis of this demurrer is that without the plat being attached the location of the place where the injuries occurred could not be determined. The description contained in the exhibits did not describe the property by metes and bounds but only as to what lands bounded the property covered by the easements. While such exhibits did not expressly locate the scene where the plaintiff was injured (See *McDilda* v. *Lankford,* 213 *Ga.* 773 (2) 102 S. E. 2d 41), when such exhibits are considered in connection with the remainder of the allegations of the petition, the area was sufficiently described so as to place this defendant on notice as to the location where the injuries were sustained without the plats being attached to the exhibits, and the demurrers were properly overruled.

2. All the defendants demurred to the allegations contained in paragraph 11 because it was not alleged whether the contract between the plaintiff's employer and the United States of America was oral or written.

It is too well settled to require citation of authority that when a cause of action is based on a contract it is necessary for the plaintiff to either plead the terms of the contract or to attach such contract as an exhibit to the petition. In the present case the plaintiff's cause of action is not based *upon* the contract between the plaintiff's employer and the United States of America, but on the contrary is based, as to the Savannah Electric & Power Company, on the maintenance of a "mantrap," and as to the other defendants upon the obligations arising under the spoil disposal easements, either as principal or agent. The terms of the contract, other than the terms actually pleaded could in no wise have any effect on the defendants for they were not parties to such contract. Accordingly, these grounds of demurrer are without merit, since the terms of the contract necessary to the case sub judice were pleaded.

3. Midland Properties Company demurred specially to the allegations of paragraphs 12 and 13 because of the reference therein to its parent corporation, Savannah & Atlanta Railway Company, since each corporation is a separate legal entity.

Paragraph 12 of the petition, in its final analysis, alleged that the parent corporation acted as the agent of the subsidiary corporation, and that all of the acts, in connection with the present action, of the subsidiary corporation were done by the parent corporation for the benefit of both corporations. Accordingly, these grounds of demurrer were without merit.

4. The special demurrers filed by Midland Properties Company to paragraphs 16, 17, and 18 which attack such allegations as being conclusions of the pleader, irrelevant and immaterial to the petition, are without merit in view of all the allegations of the petition. The acts leading up to the plaintiff's injuries are not immaterial, nor are the averments of ultimate fact conclusions of the pleader. "It is evident that the effect of the special demurrer here under consideration was to require the plaintiff in error to plead his evidence. This he is not required

to do. 'Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts upon which she depends for a recovery. As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need not and should not be set forth in the pleadings.' *Lefkoff* v. *Sicro,* 189 *Ga.* 554 (10) (6 S. E. 2d 687, 133 A. L. R. 738)." *Tanner* v. *National Cas. Co.,* 214 *Ga.* 705 (1b) (107 S. E. 2d 182). The allegations here complained of allege ultimate facts and not conclusions of the pleader.

5. Savannah Electric & Power Company demurred specially to paragraph 25 of the petition because the allegations therein that such defendant was grossly negligent in installing the high voltage electric line so that it hung within 15 feet of the ground was a conclusion.

In *Welch* v. *City of Camilla,* 86 *Ga. App.* 609, 617 (72 S. E. 2d 83), it was said: "Suppose the defendant, or any power company, should string such wires [high voltage electric wires] 10 feet above the level of the ground, would we not say at once that it should have anticipated that in the ordinary course of human events, considering the various objects carried by people, the various vehicles, etc., which would come within the ambit of the wires, that someone might be brought into contact with such wires strung at such a height." In *Central of Ga. Ry. Co.* v. *Pelfry,* 11 *Ga. App.* 119, 123 (74 S. E. 854), it was said: "One may be convicted of murder even where he did not intend to kill, and even where he had no malice against the person killed. He may recklessly shoot into a crowd, intending merely to frighten, and kill a man whom he has never seen and against whom he has no ill will; but the homicide would be murder. And so, if an engineer should see one lying on the track in an apparently helpless condition, he would have no right to assume that the person would leave the track in time to save himself. To run him down under such circumstances would be such gross negligence and recklessness as would amount in law to wantonness." Since the questions of negligence and the degree of negligence are questions for the jury's determination except in palpably clear cases, under all the allegations of the petition this court cannot say as a matter of law that

placing the wire so that it was less than 15 feet above the level of the ground was not gross negligence and that the allegation was a bare conclusion. Accordingly, the trial court did not err in overruling this ground of demurrer. See also *Lassiter v. Poss,* 85 *Ga. App.* 785, 787 (70 S. E. 2d 411).

6. Savannah & Atlanta Railway Company, Midland Properties Company and Savannah Electric & Power Company all demurred specially to paragraph 26 of the petition. These demurrers were based on the premise that it was not alleged whether the two roads were public or private, when the area was used as pasture, why the area was a likely place for hunters and why it was a likely place to be traversed by pedestrians. "The office of the special demurrer in this State is to point out defects in the petition as to matters of form and to point out irrelevant and ambiguous matter, and to require the pleader to make his pleading more certain and as to a bill, petition or declaration to require the plaintiff to set out his alleged cause of action and grievance against the defendant with such definiteness, clarity and particularity as to enable the defendant to know the exact nature of the complaint against it and to prepare itself to defend against the charges made. A petition does not have to go into minute detail and the pleader is not required to set out his evidence in the petition. Reasonable definiteness and certainty is all that should be required, even though the attack is made by special demurrer, and other demands by special demurrer should not be encouraged. *Southern Ry. Co. v. Lunsford,* 50 *Ga. App.* 829, 833 (3) (179 S. E. 571); *Charleston &c. Ry. Co. v. Attaway,* 7 *Ga. App.* 231 (2) (66 S. E. 548). While conclusions should not be alleged as a basis for recovery the same are not demurrable where there are facts alleged to support them, even though they appear in other parts of the petition. *Furr v. Burns,* 124 *Ga.* 742 (5) (53 S. E. 201); *Western Union Telegraph Co. v. Harris,* 6 *Ga. App.* 260 (64 S. E. 1123)." *Georgia, Southern &c. Ry. Co. v. Williamson,* 84 *Ga. App.* 167, 175 (65 S. E. 2d 444). The allegations of the petition here demurred to dealt with facts peculiarly within the knowledge of the demurring defendants. "Many facts, especially those resting peculiarly within the knowledge of the opposite

party, may be alleged in general terms." *Cedartown Cotton &c. Co.* v. *Miles,* 2 *Ga. App.* 79, 81 (58 S. E. 289). See also *Beebe* v. *Smith,* 76 *Ga. App.* 391, 403 (46 S. E. 2d 212). The information sought by these special demurrers, the use put to the land under the control of the demurring defendants, was peculiarly within the knowledge of these defendants, and the general allegations in the petition were not subject to demurrer.

7. The defendants separately filed special demurrers to some or all of the following paragraphs of the petition: 28, 29, 30, 32 and 33. These demurrers were on the ground that the allegations contained in such paragraphs were conclusions of the pleader.

Each of these paragraphs alleged ultimate facts and not conclusions of the pleader as contended by the defendants. " 'Reasonable definiteness and certainty in pleading is all that is required; and factitious demands by special demurrer should not be encouraged.' *Busby* v. *Marshall,* 3 *Ga. App.* 764 (60 S. E. 376). 'The special demurrer is rapidly outliving its usefulness. The law looks at substance rather than form. The legitimate function of a special demurrer is to compel the pleader to disclose whether he really has a cause of action or defense. The requirement (of Code § 81-101) that a plaintiff shall "plainly, fully, and distinctly" set forth his ground of complaint does not mean that he shall disclose the evidence upon which he relies, or indulge in needless particularity, but means only that his demand shall be set forth in terms sufficiently full and distinct to enable the court to determine whether a cause of action exists, and his adversary to understand the exact nature of the claim made against him.' *Fuller* v. *Inman,* 10 *Ga. App.* 680, 693 (3) (74 S. E. 287)." *Alford* v. *Zeigler,* 65 Ga. *App.* 294, 297 (16 S. E. 2d 69). Accordingly, the demurrers to these paragraphs of the petition were properly overruled.

8. The special demurrer of the defendant, Savannah Electric & Power Company, to paragraph 38 of the plaintiff's petition is based on the premise that the allegations as to the appearance of the high voltage wire, that due to corrosion it appeared to be a galvanized iron wire, is contrary to the laws of science, is without merit, for while this court will take judicial notice that copper, when exposed to air, will corrode, it cannot take judicial

notice that under no circumstances will corroded copper wire not appear to the untrained eye to be galvanized iron wire.

As to the contention that allegations of this paragraph of the petition were conclusions, it was said in *Planters Electric Membership Corp.* v. *Burke,* 98 *Ga. App.* 380, 388 (105 S. E. 2d 787), "The very fact that the defendant power company strung wires in an uninsulated state, one within 10 feet and the other 12 feet of the ground across the barnyard of another indicated that the wires were harmless." Here the wires were strung within six feet three inches of the ground, and this fact alone was sufficient to support the allegation that there was nothing about the wires to indicate to the plaintiff that there was any danger connected with them.

9. The defendant Savannah & Atlanta Railway Company demurred to paragraph 41 of the petition because the allegations contained therein were immaterial and irrelevant to the cause of action. " 'A demurrer, being a critic, must itself be free from imperfection. It must lay its finger, as it were, on the very point. (Citing.) A demurrer which fails to point out wherein a particular allegation is irrelevant, immaterial, prejudicial, not germane or impertinent, or does not constitute issuable facts, or states erroneous conclusions of law, or which does not point out wherein or how the petition is multifarious or contradictory, is altogether too vague and general to be considered by this court.' *Gay* v. *Healan,* 88 *Ga. App.* 533, 537 (77 S. E. 2d 47)." *Glens Falls Indem. Co.* v. *Canal Ins. Co.,* 93 *Ga. App.* 588 (92 S. E. 2d 580). Accordingly, such ground of demurrer was properly overruled.

10. Savannah & Atlanta Railway Company, demurred specially to paragraphs 43, 45 and 46, Midland Properties Company demurred specially to paragraphs 45 and 46, and Savannah Electric & Power Company demurred to paragraph 45 of the petition on the grounds that the allegations contained therein were immaterial, irrelevant and prejudicial to them.

While these grounds of demurrer are controlled adversely to the movants by *Glens Falls Indem. Co.* v. *Canal Ins. Co.,* 93 *Ga. App.* 588, supra, and there was no error in the judgment of the trial court overruling such demurrers for such reason;

however, since the allegations of the petition contained in these paragraphs of such petition dealt with the history of the plaintiff's injuries and how they occurred and the mere fact that the injuries suffered by others in the same occurrence are alleged in connection with such history would not make all the allegations of the history of the occurrence subject to demurrer.

11. Savannah Electric & Power Company, in one demurrer, demurred specially to paragraphs 48 through 54 of the petition because such paragraphs plead evidence and are therefore prejudicial, superfluous and irrelevant. Savannah & Atlanta Railway Company and Midland Properties Company demurred specially to paragraphs 49 and 50 because it is not alleged when, where and by whom the examinations of the plaintiff were made, and to paragraph 51 because it is not alleged to what person or the time and place that the injury indicated that immediate amputation was necessary to save the plaintiff's life.

As to the demurrers of the defendants, Midland Properties Company and Savannah & Atlanta Railway Company, a reading of paragraphs 48 through 54 shows that the incidents referred to in the paragraphs demurred to (paragraphs 49, 50, and 51), took place in the Memorial Hospital of Chatham County immediately following the plaintiff's admission there on June 14, 1958, and that Doctor Robert B. Gottschalk was the physician who made the various diagnoses referred to in the paragraphs of the petition attacked by such demurrers.

The demurrer to paragraphs 48 through 54 of the petition was based on the ground that such allegations pleaded evidence. "Where a paragraph . . . contains both relevant and irrelevant matter, it will be purged of the irrelevant matter on special demurrer pointing out such irrelevancy; but if the demurrer goes to the paragraph as a whole, without specifying the irrelevant matter, the demurrant can not complain that the entire paragraph . . . is not stricken. *Southern Ry. Co.* v. *Phillips*, 136 *Ga.* 282 (71 S. E. 414)." *Wardlaw* v. *Frederick*, 13 *Ga. App.* 594 (2) (79 S. E. 523). See also *Atlanta Journal Co.* v. *Doyal*, 82 *Ga. App.* 321 (60 S. E. 2d 802). Accordingly, regardless of what other paragraphs attacked in the one demurrer alleged, paragraph 52 which alleged that the plaintiff

suffered specified injuries was not subject to demurrer on the ground that it pleaded evidence, and the judgment of the trial court refusing to strike all of the paragraphs of the petition attacked by the one demurrer was not error.

12. Savannah Electric & Power Company and The Mayor & Aldermen of the City of Savannah demurred to paragraph 55 of the petition on the ground that the allegations contained therein were conclusions of the pleader.

The attack of The Mayor & Aldermen of the City of Savannah to this paragraph of the petition was included in one ground of demurrer which also attacked paragraphs 29 and 30 of the petition. Under the authority cited in division 11 of this opinion this demurrer was properly overruled since the attack on paragraphs 29 and 30 of the petition was without merit.

As to the Savannah Electric & Power Company, the allegations unsuccessfully attacked by special demurrer and dealt with in division 5 of the opinion show that the averments contained in the paragraph here attacked were not conclusions unsupported by well pleaded facts, and therefore, the trial court did not err in overruling such ground of demurrer.

13. Each defendant demurred specially to the allegations of negligence charged to it in paragraphs 56 through 59 of the petition on the grounds that such allegations of negligence were conclusions and vague and indefinite. These allegations of negligence, when considered in connection with the other allegations of the petition which have been held not to be subject to the defendants' special demurrers, are neither conclusions of the pleader nor so indefinite and vague as to be subject to special demurrer. Accordingly, the trial court did not err in overruling such special demurrers.

14. Each defendant demurred to the allegations of counts 2 and 3 of the petition which were adopted from count 1 on the same grounds of demurrer as were directed toward count 1 of the petition, and such demurrers are therefore controlled by the above rulings adverse to the defendants' contentions. Accordingly, only the demurrers to the additional allegations of counts 2 and 3 will be dealt with in detail.

15. Savannah Electric & Power Company demurred specially

to paragraphs 56, 57 and 62 (d) of count 2 of the petition on the grounds that such allegations of the pleader were conclusions unsupported by alleged facts. The ultimate facts to be proved under such allegations were that notice was given that the area was to be filled, that the defendant Savannah Electric & Power Company ignored this notice as well as the request to disconnect the electricity at the transformer. These ultimate facts were alleged, and under the decision of the Supreme Court in *Tanner* v. *National Cas. Co.*, 214 *Ga.* 705 (1b), supra, the trial court did not err in overruling the defendant's demurrer.

16. Both Savannah & Atlanta Railway Company and Midland Properties Company demurred to the allegations of paragraph 56 of count 2 because each of these defendants was a separate legal entity, and Savannah & Atlanta Railway Company demurred specially to paragraph 58 of count 2 of the petition on the grounds that it was not a party to the contracts referred to in the plaintiff's petition, that it was under no duty to the plaintiff, and that the allegations contained therein were conclusions of the pleader. These grounds of demurrer are controlled adversely to the demurrants by the ruling in the third division of this opinion inasmuch as the allegations in the last analysis were that the Savannah & Atlanta Railway Company was acting as the agent of Midland Properties Company. Accordingly, these grounds of special demurrer, as well as the demurrers to the allegations of negligence based thereon were properly overruled.

17. The Mayor & Aldermen of the City of Savannah demurred specially to paragraph 56 of count 3 of the petition and contend that such paragraph is vague and indefinite. This paragraph of count 3 alleged that this defendant failed to notify the defendant Savannah Electric and Power Company to disconnect the electricity in the power line before work was begun in the area. Such allegation of the petition was the allegation of an ultimate fact to be proved on the trial of the case, and under the decision of the Supreme Court in *Tanner* v. *National Cas. Co.*, 214 *Ga.* 705, supra, was not subject to the objection made by this ground of special demurrer.

18. As has previously been observed, the Savannah & Atlanta

Railway Company was acting as the agent of Midland Properties Company at the times referred to in the petition, and, while each of these corporations is a separate legal entity and the acts of one corporation, although a totally owned subsidiary of the other, are not chargeable to the other (see *Hollingsworth v. Georgia Fruit Growers*, 185 *Ga.* 873, 875, 196 S. E. 766, and citations), where as here one corporation acts as the agent for the other, and such agent is guilty of misfeasance rather than mere nonfeasance, both corporations may be sued for the alleged tortious act in the same action. See *Graham v. Raines*, 83 *Ga. App.* 581 (3) (64 S. E. 2d 98) and *Sharp-Boylston Co. v. Bostick*, 90 *Ga. App.* 46, 48 (81 S. E. 2d 853), and citations. Accordingly, in the present case where, as shown in the 19th division of this opinion, the alleged acts of the defendant railroad as agent for the defendant Midland Properties Company amounted to misfeasance rather than nonfeasance, the demurrers of the defendant railroad on the ground that it was a separate legal entity from Midland Properties Company were properly overruled.

19. The property where the plaintiff was injured was owned by Midland Properties Company, which corporation granted an easement to The Mayor & Aldermen of the City of Savannah for a valuable consideration. The Mayor & Aldermen of the City of Savannah then granted a like easement to the United States of America for a valuable consideration. Each of these grantors agreed to construct enclosing dikes and other improvements to be approved by the grantees, and each grantor reserved "all rights and privileges in said tract of land as may be used and enjoyed without interfering with or abridging the rights and easements hereby conveyed to the grantee." Therefore, neither the defendant Midland Properties Company nor the defendant The Mayor & Aldermen of the City of Savannah, under the easements granted by them surrendered the entire possession of the premises, nor under the further terms of the easements could they, for it was their further duty to do any grading or ditching necessary to prevent the ponding of water on the property covered by the easements. Both of these defendants, under the terms of the easements, were "owners or occupiers" of land who

are required by Code § 105-401 to exercise ordinary care to keep their premises and approaches safe for use by invitees, and under the decision of this court in *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (116 S. E. 57), these defendants owed the plaintiff the duty of warning him of the danger of the uninsulated high voltage wire, and this is especially true where these defendants were required, under the easements, to construct enclosing dikes, etc., and these enclosing dikes were constructed so that they would bring the level of the ground to within two feet three inches of such high voltage wires. These defendants were required under the easements to provide the facilities for the reception of the waste, and if in providing the facilities they were negligent by providing facilities which were not safe, such omission to provide safe facilities would amount to misfeasance and not, as contended by their codefendant Savannah & Atlanta Railway Company, nonfeasance, inasmuch as they did undertake to provide the facilities. Accordingly, count 1 of the petition set forth a cause of action against these defendants.

20. As to the defendant Savannah Electric & Power Company the petition alleged that its high tension wire was, before the waste was deposited on the land in question, only six feet three inches from the ground, and that the area was used as pasture land and was a likely place for hunters. This defendant, who under the decision of the Supreme Court in *Georgia Power Co.* v. *Leonard*, 187 *Ga.* 608 (1 S. E. 2d 579), owed the plaintiff the care required by Code § 105-401, supra, to an invitee and who had at least constructive notice that the area would be filled and who took no action to protect the plaintiff from the danger of the uninsulated wire or even warn him of its danger, which for reasons alleged in the petition appeared to be harmless, was not as a matter of law not guilty of any actionable negligence so as to be free from any liability under the allegations of the petition. In *Planters Electrical Membership Corp.* v. *Burke*, 98 *Ga. App.* 380, 388, supra, it was held that the very fact that the wires were strung within 10 and 12 feet of the ground across the barnyard of another indicated that they were harmless. How much more innocent would wires appear to be that were strung only six feet three inches above the level of the ground? "There

is nothing in the petition to indicate that the plaintiff was aware that the wires were not insulated, or that they were of high voltage, or could apprehend for any other reason, that, if one of the pipes which he employed in his work should come in contact with them, he would be injured. It is a matter of common knowledge that a great many wires used, for instance, in telephonic communication are not charged with electric current of such voltage as would inflict injury upon a person in like circumstance. Merely seeing the wires strung over the property would not put the plaintiff on notice of a dangerous condition." *Lamar Electric Membership Corp.* v. *Carroll*, 89 *Ga. App.* 440, 453 (79 S. E. 2d 832). This language was quoted approvingly in *Planters Electrical Membership Corp.* v. *Burke*, supra. In the present case it was alleged that the uninsulated wire was only six feet three inches from the ground before any waste was deposited upon the area, that the wires had corroded so that they appeared to be of galvanized iron, and that: "There was nothing about the wires or the surrounding area to warn petitioner that the wires in question carried twenty-three hundred (2300) volts of electricity. There was nothing about the wires to indicate to petitioner that there was any danger connected with them." Accordingly, count 1 of the petition set forth a cause of action against the defendant Savannah Electric & Power Company and the trial court did not err in overruling the general demurrer of this defendant to this count.

21. Count 2, as to the Mayor & Aldermen of the City of Savannah, is the same as count 1 and requires no further decision by this court.

22. As to the remaining defendants, count 2, in addition to the facts and allegations of negligence contained in count 1, alleges that the defendant Savannah & Atlanta Railway Company as agent of the defendant Midland Properties Company requested the defendant Savannah Electric & Power Company to disconnect the electricity at the transformer nearest to the area to be filled so that no electricity would be flowing through the uninsulated wires when the plaintiff was working in the area, and that such request went unheeded, that the Savannah Electric & Power Company was negligent in ignoring such request, and that

the other two defendants were negligent in failing to follow through with such request.

Count 3, in addition to the allegations contained in count 1 as to the negligence of each defendant, alleged that the codefendants of Savannah Electric & Power Company were negligent in failing to notify this defendant to disconnect the electricity before the plaintiff was required to work in the area where the wire was located.

As has been previously shown, count 1 was not subject to the general demurrers, and the additional allegations of counts 2 and 3 did not exonerate any of the defendants from the negligence already alleged in count 1 and by reference made a part of counts 2 and 3. Therefore, it is immaterial in passing on the demurrers to counts 2 and 3 to consider the additional allegations of negligence, for, as against general demurrer, the allegations contained in count 1 and made a part of counts 2 and 3, were sufficient to withstand the defendants' general demurrers to these counts, and it cannot be said that such additional counts were lifeless. "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. *Blaylock* v. *Hackel*, 164 *Ga*. 257 (5) (138 S. E. 333)." *Calbeck* v. *Herrington*, 169 *Ga*. 869, 873 (152 S. E. 53). "The petition set forth a cause of action and could not be dismissed on general demurrer. To be subject to general demurrer, a petition must be utterly lifeless. If there is a spark of life in it, it is good against such a demurrer." *Medlock* v. *Aycock*, 16 *Ga*. *App*. 813 (1) (86 S. E. 455). Accordingly, the judgment overruling the general demurrers to counts 2 and 3 was not error.

In view of what has above been held the petition was not subject to any of the demurrers, either general or special, and the judgments overruling all of such demurrers must be affirmed.

*Judgments affirmed. Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. 1. The general demurrers of all of the defendants to the three counts of the petition should have been sustained. The ruling by the majority that the facts allege that the Midland Properties Company, the Savannah &

Atlanta Railway Company and The Mayor & Aldermen of the City of Savannah occupied the status of an owner and occupier of the premises involved in this action is based on a false premise. It is true that these defendants in granting the spoil disposal easement agreed to construct dikes and other improvements on the land for purposes of the spoilage operation and reserved all rights and privileges in the land as could be enjoyed without abridging the rights granted to the grantees, but the majority opinion overlooks the fact that, at the time these spoilage easements were granted, the Savannah Electric & Power Company already had an easement over the land for electric distribution purposes to which the rights of the other defendants were subject, and the other three defendants could not grant any right inconsistent with or superior to those of the power company nor could they reserve any rights inconsistent with or repugnant to those of the power company without its consent. It therefore follows that the dredging contractor and its employees were not the invitees of the defendants, for the reason that only the power company had the right to invite anyone to use its power line easement for purposes repugnant to and inconsistent with the power line easement. It stands to reason that the spoil disposal easements which had for their goal the raising of the ground level underneath the electric wires were inconsistent with and repugnant to the power line easement. The grantors of the spoil disposal easements had no authority to extend an invitation to anyone to violate the rights of the power company. It is well settled that the owner of a servient estate cannot use property in a manner or for purposes inconsistent with a granted easement. *Georgia Power Co.* v. *Leonard*, 187 *Ga.* 608 (1 S. E. 2d 579), and cases and authorities cited; 17A Am. Jur. 718-720, Easements, § 112.

2. As to the power company the petition did not allege any reason why it should have anticipated pedestrians. It alleged that the presence of hunters was likely but not that the power company had reason to anticipate their presence.

3. The petition alleges that the United States was granted the spoil disposal easement and made a contract with an independent contractor to do the filling in of the land. All of the

defendants, and especially the power company, had the right to expect that neither the United States nor a contractor employed by it would commit a trespass upon the power company's rights under its superior power line easement, and they had a right to presume and expect not only that permission would be obtained from the power company to encroach on its easement but that the United States or whoever did the filling in would furnish its employees with a safe place to work, even as to static dangerous conditions existing even through negligence. It is clear to me, under the facts alleged in the petition, that unless some reason is alleged why the defendants did not have reason to indulge in the presumptions above enumerated or why the defendants had some reason to anticipate that the United States or its contractor would trespass or would fail to safeguard its employees against injury even from dangerous conditions on the land, conceded for the sake of argument due to the negligence of the defendants, the petition is fatally defective. This case would also fall, assuming that the defendants were negligent, under the principle of superseding cause, and I think that under the facts alleged the negligence of any or all of the defendants, if any, is too remote to be considered the proximate cause of the most unfortunate injuries in these cases. *Southern Ry. Co. v. Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L.R.A. 109) and cases and authorities cited·in *Blunt v. Spears,* 93 *Ga. App.* 623 (92 S. E. 2d 573).

The first special demurrer of the Savannah Electric & Power Company should have been sustained because the plats were a part of the description of the 378 acres upon which the spoilage easements were granted.

4. It is the duty of the plaintiff to allege facts showing that alleged negligence of the defendants was the proximate cause of the injuries sued for. The power company demurred to paragraph 11 of the petition because it failed to allege whether the contract between the United States and the contractor was oral or in writing and failed to show the substance of the contract. The other defendant's demurrers were on the sole ground that it was not alleged whether the contract was oral or in writing. I think that these demurrers should have been sustained. It is true that the action is in tort and not on that contract, but the

petition is seeking to allege facts showing that the proximate cause of the injuries was the negligence of the named defendants. The petition shows that the burden was on the United States or the contractor to get permission from the power company to use the land underneath the power line. The terms of the contract should be alleged to show what the duties and the responsibilities of the parties were. The contract is as available to the plaintiff as to the defendants and could be vital to plaintiff's case.

5. The Savannah Electric & Power Company's special demurrer to paragraph 25 of the petition should have been sustained.

6. The special demurrers of the three defendants other than the City of Savannah to paragraph 26 of the petition should have been sustained.

7. The defendants' special demurrers to paragraphs 30, 32 and 45 of the petition should have been sustained.